60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roger Dale STAFFORD, Sr., Appellant-Petitioner,
v.
Gary MAYNARD and the Attorney General of Oklahoma,
Appellees-Respondents.
 No. 94-6211.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1995.
 
 Before SEYMOUR, Chief Circuit Judge, and BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 On June 21, 1978, Sergeant Melvin Lorenz, his wife Linda Lorenz and their eleven-year-old son, Richard Lorenz, were shot and killed along the side of a road near Oklahoma City, Oklahoma. On July 16, 1978, less than one month after this incident, the Sirloin Stockade Restaurant in Oklahoma City, Oklahoma, was robbed and the six employees who were working that evening were shot and killed.
 
 
 2
 Petitioner Roger Dale Stafford, Sr., was subsequently charged with three counts of first degree murder as to the Lorenz family and six counts of first degree murder as to the Sirloin Stockade employees. Although the Lorenz murders occurred first, Mr. Stafford was tried and convicted for the Sirloin Stockade murders first. The jury imposed sentences of death as to each of the six counts. Mr. Stafford's convictions and sentences were affirmed on direct appeal. See Stafford v. State, 665 P.2d 1205 (Okla.Crim.App.1983). Mr. Stafford was subsequently tried and convicted for the Lorenz murders, and the jury in that case also imposed sentences of death on each count. Those convictions and sentences were also affirmed on direct appeal. See Stafford v. State, 669 P.2d 285, 289 (Okla.Crim.App.1983).
 
 
 3
 Over the next twelve years, Mr. Stafford filed numerous post-conviction pleadings in both state and federal court, challenging his convictions and sentences in both the Lorenz and the Sirloin Stockade cases. On September 12, 1994, a panel of this court upheld Mr. Stafford's convictions and sentences in the Lorenz murders, rejecting his constitutional challenges. See Stafford v. Saffle, 34 F.3d 1557 (10th Cir.1994). On May 1, 1995, the United States Supreme Court denied Mr. Stafford's petition for a writ of certiorari. See Stafford v. Ward, 115 S.Ct. 1830 (1995). While these proceedings were on-going, a separate panel of this court heard oral arguments in Mr. Stafford's appeal of the denial of his petition for a writ of habeas corpus regarding the Sirloin Stockade murders.
 
 
 4
 On May 1, 1995, hours after the United States Supreme Court denied Mr. Stafford's petition for a writ of certiorari as to the Lorenz murders, the Oklahoma Court of Criminal Appeals, prompted by a request from the Oklahoma Attorney General, set Mr. Stafford's execution for 12:01 a.m. on July 1, 1995.
 
 
 5
 Mr. Stafford filed several additional motions, petitions and requests for a stay of execution in the days and hours preceding July 1, 1995. Ultimately, the state and federal courts concluded relief was not warranted, thereby permitting the State of Oklahoma to execute the death warrant for Mr. Stafford relative to the Lorenz murders. In the early morning hours of July 1, 1995, Roger Dale Stafford, Sr., received a lethal injection, which resulted in his death.
 
 
 6
 In light of the events occurring on July 1, 1995, it is evident that Mr. Stafford's federal habeas corpus appeal with respect to the Sirloin Stockade murders has become moot. For that reason, we dismiss the present appeal for want of a case or controversy under Article III.
 
 
 7
 The appeal is hereby DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470